* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes, with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as: *Page 2 
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act and an employee/employer relationship existed on January 4, 2002.
2. Key Risk Management Services is the third-party administrator for the employer.
3. At the time of the accident, the plaintiff's average weekly wage was $308.83, yielding a compensation rate of $205.89.
4. The medical records of High Point Regional Hospital, Dr. Russell Amundson, Dr. LeAnne Willis, Dr. Albert Bartko, Occumed Walk-in Urgent Care, Greensboro Orthopaedic Sports Rehabilitation Center are genuine, and, if relevant and material, may be received in evidence without further identification or proof.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff was fifty-four years old at the time of his injury.
2. The plaintiff was employed as a custodian with the Guilford County Schools in January 2002.
3. The plaintiff's work involved maintenance work, including cleaning, moving furniture, and taking out trash.
4. The plaintiff had a previous injury to his neck in the early 1990's, when he broke his neck while water skiing. Plaintiff's injury necessitated cervical surgery, which alleviated most of his symptoms. The plaintiff testified that after recovering from neck surgery, he did not miss a day of work in over 10 years as a result of said surgery. *Page 3 
5. On January 4, 2002, the plaintiff was taking a heavy load of trash to the dumpster and threw it into the bin using his right arm. As he did so, he sustained an injury to his right arm which was deemed compensable by the employer.
6. Medical and compensation benefits for the right arm injury were paid in accordance with the Workers' Compensation Act by the third-party administrator, Key Risk Management Services, Inc.
7. After being seen at an urgent care facility, the plaintiff was seen by Dr. Albert Bartko and Dr. Russell Amundson.
8. The plaintiff underwent a functional capacity evaluation in June 2002, which placed him at the light-duty level of work.
9. Dr. Bartko treated the plaintiff from March 20, 2002, until August 5, 2002. It was Dr. Bartko's opinion that the plaintiff suffered from a lower trunk plexopathy or possibly a C8 radiculopathy.
10. Dr. Bartko noted that the plaintiff had not mentioned his neck during his visits in 2002 and had not complained of increased neck pain until his final visit in August 2002. It was Dr. Bartko's opinion that the plaintiff's neck condition was unrelated to his right arm injury of January 4, 2002.
11. Dr. Bartko gave the plaintiff a 10% permanent partial impairment rating to his right arm in June 2002, and released him per the functional capacity evaluation light-duty restrictions on August 5, 2002.
12. Dr. Amundson also treated the plaintiff during 2002 and 2003 and performed cervical surgery in November 2002 after diagnosing the plaintiff with a compression lesion at *Page 4 
C6-7. The plaintiff responded to surgical intervention and reported improvement in his neck pain.
13. After carefully considering the testimony of Dr. Bartko and Dr. Amundson, the Full Commission gives greater weight to the testimony of the neurosurgeon, Dr. Amundson, who not only correctly diagnosed the plaintiff's symptoms, but also performed successful surgery that relieved the plaintiff's pain symptoms. Therefore the plaintiff has proven by the greater weight of the evidence that his neck injury was a result of his January 4, 2002 injury by accident.
14. Neither Dr. Bartko nor Dr. Amundson have stated that the plaintiff cannot return to work. Thus, the Full Commission finds that the plaintiff has not shown that he is permanently and totally disabled. However, given the amount of time that has passed since the plaintiff's June 2002 functional capacity evaluation, the Full Commission finds it is appropriate for plaintiff to undergo another functional capacity evaluation in which to assess the plaintiff's current work restrictions.
15. Vocational efforts thus far have consisted of one appointment with a rehabilitation nurse. The Employer has not engaged in further efforts because of the ongoing nature of this case and the need for the current issues to be resolved.
16. The employer reasonably searched for suitable employment for the plaintiff and was unable to find a job that complied with the functional capacity evaluation restrictions. The employer properly paid, and is continuing to pay, temporary total disability benefits to the plaintiff.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 5 
 CONCLUSIONS OF LAW
1. The plaintiff has proven by the greater weight of the evidence that his neck injury was a result of his January 4, 2002 injury by accident. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff has failed to prove that he is totally and permanently injured. N.C. Gen. Stat. § 97-29.
3. The defendants shall continue to pay to the plaintiff temporary total disability compensation at the weekly rate of $205.89 until the plaintiff returns to work or until further order of the Commission.
4. The defendants are responsible for the payment of the plaintiff's medical treatment to his neck and upper back area including, but not limited to, the treatment and surgery performed by Dr. Amundson. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
5. Dr. Amundson is to be the plaintiff's treating physician. N.C. Gen. Stat. § 97-25.
6. The defendants shall provide to the plaintiff a functional capacity evaluation to assess the plaintiff's current work restrictions. N.C. Gen. Stat. § 97-25. The plaintiff shall comply with any reasonable request by the defendants to engage in vocational rehabilitation.Id.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendants shall pay for all treatment received by the plaintiff for his neck and cervical spine which includes, but is not limited to, the surgery performed by Dr. Amundson in November 2002 for so long as said treatment effects a cure, gives relief, or tends to lessen the plaintiff's period of disability. *Page 6 
2. Dr. Amundson is hereby authorized as the plaintiff's treating physician.
3. The defendants shall provide to the plaintiff a functional capacity evaluation to assess the plaintiff's current work restrictions. The Plaintiff shall comply with any reasonable request by the defendants to engage in vocational rehabilitation.
4. The plaintiff's claim for permanent and total disability is DENIED.
5. The defendants shall continue paying temporary total disability compensation to the plaintiff, subject to the attorney's fee provided herein, until the plaintiff returns to work, or until further order of the Commission.
6. The plaintiff's counsel is entitled to a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation due plaintiff. The defendants shall pay to the plaintiff's counsel every fourth check of compensation due the plaintiff.
7. The defendants shall pay the costs, including an expert witness fee of $300.00 to Dr. Bartko and $350.00 to Dr. Amundson, if not paid by prior order.
This 11th day of January 2006.
S/ ___________________ CHRISTOPHER SCOTT, COMMISSIONER
CONCURRING:
 S/ ___________________ THOMAS J. BOLCH, COMMISSIONER
 S/ ___________________ BUCK LATTIMORE, CHAIRMAN *Page 1